GRAY and others, Respondents, vs. HERMAN, Appellant.

*December 11, 1889 — January 7, 1890.*

*(1) Sale of chattels: Payment by third person. (2) Statute of frauds: Promise to pay debt of another.*

1. In an action for the price of goods purchased by the defendant for the benefit of a third person not a party to the suit, payment by such third person, though not made by authority of the defendant, is available as a defense if it was accepted by the plaintiff in satisfaction of the debt.

2. If the original debtor is not released from liability, a promise by a third person to pay the debt, in consideration that the creditor will release a lien which he holds upon the property of the debtor, when no benefit accrues thereby to such third person, is within the statute of frauds (R. S. sec. 2307), and is void unless in writing.

APPEAL from the Circuit Court for *Milwaukee* County.

The complaint states three causes of action: (1) For a Gurney Crusher Brick Machine sold to the defendant on April 15, 1886, for $525, and on his order delivered to one T. C. Gurney; (2) for another similar machine sold to the defendant on June 8, 1886, for $525, and delivered to Gurney on defendant's order; (3) for extra pieces and parts furnished, and repairs made on the machine first mentioned, for and at the request of the defendant, and upon the order of said Gurney, amounting to $104.39.

The defense was, first, a general denial; second, that the machines were sold and repairs furnished by the plaintiffs

to Gurney; that Gurney had, prior to the commencement of the action, paid the plaintiffs in full for the machine first mentioned and the repairs; that Gurney had assigned to the plaintiffs an account against one Davelaar, which assignment was made by Gurney and accepted by the plaintiffs in full discharge and satisfaction of any indebtedness arising from the sale of said first-mentioned machine and the repairs.

On the trial the jury found a special verdict as follows: "1. Did T. C. Gurney, some time in February, 1886, request the plaintiffs to manufacture for him brick machines of the Gaylord-Martin patent, and did the plaintiffs arrange with him to build such machines, and retain the property in them, and ship them to his (Gurney's) customers, and collect pay for them, and turn over to him whatever money they might so collect in excess of the amount due them for manufacturing and shipping such machines? *Answer* (by direction of the court). Such an arrangement was made. 2. Were any machines ever sold and delivered under that arrangement? *A.* (by direction of the court). No. 3. Did the defendant, *Henry Herman*, some time in April, 1886, call on the plaintiffs in company with said Gurney, and direct the plaintiffs to turn over the machine mentioned in the first cause of action in the complaint, and sometimes spoken of as the 'Davelaar machine,' to said Gurney to dispose of on his own account, and promise to see that said machine should be paid for, and did the plaintiffs turn over said machine to said Gurney on the credit of said promise? *A.* Yes. . . . 6. Did the defendant order the machine mentioned in the second cause of action in the complaint, sometimes spoken of as the 'Lansing machine'? *A.* Yes. 7. Did the defendant order the extra pieces and repairs mentioned in the third cause of action in the complaint? *A.* Yes." The eighth, ninth, and tenth findings were to the effect that the agreed prices of the

machines and the value of the repairs were as alleged in the complaint.

A motion for a new trial was denied, and judgment was entered on the special verdict, in favor of the plaintiffs, for the whole amount claimed. The defendant appeals. Other facts will appear from the opinion.

*Frank M. Hoyt,* for the appellant, contended, *inter alia,* that even if defendant made the agreement as testified to by the plaintiffs, it was void under the statute of frauds because not in writing. Sec. 2307, R. S.; *Young v. French,* 35 Wis. 116; *Clapp v. Webb,* 52 id. 641; *Hoile v. Bailey,* 58 id. 434; *Emerick v. Sanders,* 1 id. 77; *Dyer v. Gibson,* 16 id. 557; *Wyman v. Goodrich,* 26 id. 21; *Shook v. Vanmater,* 22 id. 532; *Vogel v. Melms,* 31 id. 306; *Weisel v. Spence,* 59 id. 301, 304; Browne, Stat. Frauds (4th ed.), sec. 198; *Watkins v. Perkins,* 1 Ld. Ray. 224; *Skinner v. Conant,* 2 Vt. 453. The payment of a debt by a third person, although a mere volunteer, and an acceptance by the creditor of such payment *in satisfaction of the debt,* operates to extinguish it and to estop the creditor from afterwards maintaining an action therefor against the original debtor. So of accord and satisfaction moving from a stranger and accepted by the creditor. *Pelton v. Knapp,* 21 Wis. 63–71.

For the respondents there was a brief by *Williams, Friend & Bright,* and oral argument by *O. T. Williams.* They argued, among other things, that the agreement made by defendant was an original promise, not collateral, not to pay the debt of another, but to pay his own debt. Plaintiffs always and uniformly refused to trust Gurney. He had incurred no debt to them when defendant made his promise. Hence that promise was not within the statute. *Dyer v. Gibson,* 16 Wis. 557; *Vogel v. Melms,* 31 id. 311. The sale was made to defendant and credit given only to him, and the statute of frauds has no application. *Champion v. Doty,* 31 Wis. 190; *Weisel v. Spence,* 59 id.

301; *Bentley v. Doggett*, 51 id. 232; *McCartney v. Hubbell*, 52 id. 371; *Hewett v. Currier*, 63 id. 386; *Griswold v. Wright*, 61 id. 195; *Drummond v. Huyssen*, 46 id. 188; *Larson v. Jensen*, 53 Mich. 427; *Benbow v. Soothsmith*, 76 Iowa, 151; *Waters v. Shafer*, 25 Neb. 225. Payment cannot be proved under a general denial. *Martin v. Pugh*, 23 Wis. 184; *Hawes v. Woodcock*, 30 id. 213; *Dutcher v. Dutcher*, 39 id. 651. And setting up a new and substantive defense, like an accord and satisfaction, in place of a general denial, should not be allowed during the trial. *Shernecker v. Thein*, 11 Wis. 556; *Dole v. Northrop*, 19 id. 249; *Ballston Spa Bank v. Marine Bank*, 16 id. 120; *Pierce v. Northey*, 14 id. 9; *Sweet v. Mitchell*, 19 id. 524; *Moll v. Semler*, 28 id. 589. That a satisfaction of the debt by one not liable had been claimed, could not avail the defendant. *Mathews v. Lawrence*, 1 Denio, 212; *Clow v. Borst*, 6 Johns. 38; *Russell v. Lytle*, 6 Wend. 390; *Edgcombe v. Rodd*, 5 East, 294. The payment by a stranger between whom and the defendant there is no privity, cannot be availed of. *Atlantic Dock Co. v. Mayor*, 53 N. Y. 67; *Bleakley v. White*, 4 Paige, 654; *Tilton v. Alcott*, 16 Barb. 598; *Kromer v. Heim*, 75 N. Y. 574.

COLE, C. J. We fail to perceive any sufficient ground or reason for excluding the evidence offered to show payment for the machines and repairs by Gurney. The answer alleged that the account of Davelaar was assigned to and accepted by the plaintiffs in full discharge and satisfaction of the debt, and for the machine mentioned in the first cause of action, and for the repairs mentioned in the third. And the defendant attempted to prove by Gurney that all the claims in suit had been paid, but the evidence was excluded. As we have observed, we perceive no valid reason, upon the facts of the case, for excluding the evidence. In the charge of the learned circuit judge, he says that, in his

opinion, it was not competent for the party sued to plead payment by another party who was not sued and could not be affected by the judgment. Why not, if it is shown that the creditor accepts the payment in satisfaction of the debt? Can it be said that the obligation is still in force? What sense or reason is there in any such technical rule as that, if it exists? The plaintiff's counsel says that the satisfaction of a debt by a stranger, between whom and the defendant there is no privity, is not available to the debtor as a defense. But again we ask, why should it not be, if the creditor accepts the payment in satisfaction of the debt? If a debt is fully paid, it would seem, according to plain common sense, that the obligation was extinguished and is no longer in force as a contract. What concern is it to the creditor who pays his debt, especially where he accepts the payment made in satisfaction of his debt?

But in this case the evidence is entirely conclusive that Gurney and the defendant were not strangers to each other in these transactions. Even if the defendant is liable as the original promisor, it is clear that he was purchasing the machines for the benefit of Gurney rather than for himself. Gurney was deeply interested in the payment of all these claims, even if they could be enforced against the defendant and not against him. This is too obvious from the testimony to require any argument to establish the fact. Although he was not a party to the record, yet the facts show that he was no stranger to these claims. We have examined the cases to which we were referred in support of the position that payment by a third party cannot be availed of by the defendant as a defense unless such payment was made by the debtor's agent or by some one authorized by the debtor to make it. We do not think these cases are in point. Some of them relate to the defense of accord and satisfaction, and hold that, to sustain such a plea, an accord must be completely executed; that a part

execution and tender of performance of the residue is insufficient (*Russell v. Lytle*, 6 Wend. 390; *Kromer v. Heim*, 75 N. Y. 574); while *Mathews v. Lawrence*, 1 Denio, 212, and *Atlantic Dock Co. v. Mayor*, 53 N. Y. 64, hold that in a suit upon a judgment, which judgment was recovered for a cause of action which could exist only against one, it was no defense that the plaintiff had recovered a judgment for the same cause of action against another person, which had been paid, and that a cause of action *ex delicto* was not extinguished by a recovery and satisfaction of a judgment against a stranger in no wise joined in liability with the defendant, for the full amount of the damages claimed, nor is the plaintiff estopped thereby. Whether these decisions are in harmony with *Ellis v. Esson*, 50 Wis. 138, where it is impliedly decided that full compensation for an injury made by one of several wrong-doers is a bar to an action against the wrong-doers, we shall not stop to determine. The case of *Clow v. Borst*, 6 Johns. 37, is rested on the authority of *Grymes v. Blofield*, Cro. Eliz. 541, but this account is given of the latter case in a note of *Edgcombe v. Rodd*, 5 East, 294, as the decision: "If the condition of an obligation be to pay 20*l*. at a certain day, and a stranger surrender a copyhold to the use of the obligee, in satisfaction of the 20*l*., which the obligee accepts, this is a good satisfaction and discharge of the obligation." *Edgcombe v. Rodd* decides nothing in conflict with that proposition.

But we will not prolong the discussion of this point, but conclude what we have to say upon the question with the remark that we can perceive no ground, in reason or in law, for excluding the evidence of payment of the claims by Gurney. If these debts were really paid and satisfied by him, the defendant should have the benefit of the defense. Whether the payment was made by his authority or not, he surely ratified the act by seeking to avail himself of it on the trial. It was error to exclude the evidence.

In answer to the third question, the jury found that the defendant, some time in April, 1886, called on the plaintiffs, in company with Gurney, and directed the plaintiffs to turn over the machine mentioned in the first cause of action in the complaint, sometimes spoken of as the "Davelaar machine," to said Gurney, to dispose of on his own account, and that he promised to see that said machine should be paid for, and that the plaintiffs turned over said machine to said Gurney on the credit of that promise. This finding should be considered in connection with the first question, the answer to which was given by the court; that is to say, that some time in February, 1886, an arrangement was made between the plaintiffs and Gurney, by which the former agreed to manufacture for him the machines named, and were to retain the property in said machines, and ship them to Gurney's customers and collect the pay for the machines, and turn over to Gurney whatever money they might so collect, in excess of the amount which might be due them for manufacturing and shipping the machines. It is said that no machines were furnished under this arrangement, but it is necessary to refer to it to show the relation of the parties and the situation of things when the defendant directed the plaintiffs to turn over the machine to Gurney, and they did so on the credit of his promise. On the arrangement as originally made, it is clear that Gurney was really the owner of the machines when manufactured, the plaintiffs retaining the title by way of security for their debt. This is apparent from the stipulation that they agreed to account to him for any excess of money in their hands after they were paid. So matters stood when the defendant directed them to turn over the machine to Gurney for him to dispose of as his own, and promised that he would pay for it. This promise was not in writing, and it does not appear that it was in any way beneficial to the defendant that Gurney should

have the machine. The plaintiffs did not release Gurney from his liability under the first arrangement, and there was no new consideration arising between the defendant and the plaintiffs. The facts bring the case strictly within the rule, as settled by this court, "that if the original debtor is not released from liability, a promise by a third person to pay the debt, in consideration that the creditor will release a lien which he holds upon the property of the debtor, when no benefit accrues thereby to such third person by such release, is within the statute, and void unless in writing." In such a case the promise of a third person is a collateral promise to answer for the default of the original debtor. Such is the doctrine of this court, as pointed out by Mr. Justice TAYLOR in *Weisel v. Spence*, 59 Wis. 301. The question is so fully examined in that case that any further discussion here is unnecessary. We observe, further, that the original arrangement was in the nature of an executory contract of sale and purchase, and covered both machines mentioned in the complaint, and that that contract does not seem to have been rescinded by the parties. By the sixth and seventh findings, standing by themselves, the defendant seems to have been an original undertaker or promisor. Certainly, if he ordered the machine spoken of as the "Lansing machine," and ordered the extra pieces and repairs mentioned in the third cause of action, he is clearly responsible for the payment of these claims. A new trial may disclose a different state of facts, which may affect his liability.

On the whole case, we think the judgment of the circuit court must be reversed and a new trial ordered. We shall not consider the other errors assigned, as it is unnecessary to do so.

*By the Court.*— Judgment of the circuit court reversed, and a new trial ordered.