John H. Beck et al., Administrators of Thomas Beck, Deceased, Appellants, *v.* Frank O. Snyder et al., Administrators of Benjamin Shoemaker, Deceased.

*Promissory note—Payment—Evidence.*

In an action on a promissory note under seal against the administrator of the maker of the note, a judgment on a verdict for defendant will not be reversed by the Supreme Court where the evidence on behalf of the defendant tended to show that certain payments had been made by the deceased, and certain credits allowed by the payee of the note, who claimed that there was still a small balance due, which the deceased's wife, who was his administratrix, then paid and the payee accepted in full settlement of the balance due.

Argued March 14, 1895. Appeal, No. 370, Jan. T., 1895, by plaintiffs, from judgment of C. P. Northampton Co., Oct. T.,

1893, No. 6, on verdict for defendants.   Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Assumpsit on a judgment note.   Before REEDER, J.

At the trial it appeared that the note was for eight hundred and eighteen dollars and was dated April 1, 1885.   Benjamin Shoemaker died March 23, 1891, and Thomas Beck died on August 22, 1892.   The note was not entered of record in the prothonotary's office during the lifetime of Benjamin Shoemaker, but was found among the papers of Thomas Beck after his death.   Upon the back of the note were indorsed two payments, dated April 1, 1887 ; one of one hundred dollars, and another of ninety-eight dollars, as interest.   Thomas Beck and Benjamin Shoemaker were for a number of years the owners of a farm as tenants in common. . Two daughters and two sons-in-law of Benjamin Shoemaker testified that, after his death, Beck called at the house of Mrs. Shoemaker in reference to the note, and that Mrs. Shoemaker then claimed that she had paid various bills for taxes, insurance, and repairs on account of the farm.   They testified that Beck claimed that there was still sixty-seven cents due on the note which Mrs. Shoemaker then paid, and that Beck, not having the note with him, agreed to burn or destroy it.

The court charged in part as follows :

" The two sons-in-law of Benjamin Shoemaker testify that this note, subsequent to Benjamin Shoemaker's death and before Thomas Beck's death, was settled in Mrs. Shoemaker's house by the presentation of certain bills, by the admission of Thomas Beck of the receipt of certain cash, and that he then said that there was a balance of sixty-seven cents due, and with that paid the note.   If this testimony is true, then this note was then and there settled and the plaintiffs would not be entitled to recover in this action.   If you do not believe this to be true, and you believe there was no such conversation—no such settlement, or that the note that they then and there referred to was not this note, but some other note, and that the settlement that was then and there made was not the settlement of this indebtedness, but was a settlement of some other matter, then your verdict will be for the plaintiff for whatever you consider is due upon the note.

" [If you believe the testimony of Mr. Snyder and Mrs. Snyder and Mr. Edelman and Mrs. Edelman as to what took place in Mrs. Shoemaker's kitchen between Thomas Beck and Mrs. Shoemaker, that will end your consideration of the case, if you believe this note was the note that was then and there settled and paid for. It does not make any difference for the purposes of this case where any other money was paid. If you believe that he then and there admitted that it was paid, or if he then and there agreed to take the outstanding bills that Mrs. Shoemaker held against him on her husband's account in payment of this note, although it might not have been the full amount of the note, and he said that by the payment of sixty-seven cents balance, he would settle the note, and it was this note that they were talking about, then it was a settlement of this note, whether with the money he had received prior to that time, it made the full amount of the note or not.] [1]

" [A man who has a note for $1,000 has a right to settle it for $500. A man who has a note for $1,000 has a right to settle it for $300, and, if he settles, and receives the money at that time, and agrees to destroy the paper, it is just as good as a settlement as if he were paid the amount in full.] [2]

" If you believe that at that time and in that conversation, as was testified to by the two sons-in-law and the two daughters of Mrs. Shoemaker, there was any such agreement of settlement upon the payment of the balance of sixty-seven cents, which was then and there paid, and that Thomas Beck agreed to destroy the note, and this was the note that was referred to, that will end your consideration of this case and your verdict will be for the defendant. If you believe that no such conversation took place, or, if you believe that this note was not the note that was there settled, if you believe that there was no such conversation and the conversation referred to was the settlement of something else, then you will proceed to consider how much these plaintiffs are entitled to receive by your verdict. It is in that aspect of the case and only that aspect of the case that you will consider the bills and the testimony that have been introduced in relation to those bills by the defendant.

" They have proven that a number of bills were paid by Mr. Shoemaker on account of improvements and work upon the farm, that it was for the joint benefit of Thomas Beck and

Benjamin Shoemaker; that they were so furnished, and that Thomas Beck was liable to reimburse Benjamin Shoemaker for half of such payments; if you believe that these moneys were paid by Benjamin Shoemaker for materials purchased by him for the benefit of the property owned by him jointly with Mr. Beck, by the authority of Mr. Beck, and that Mr. Beck agreed to pay his proportion of them, then they were entitled to receive as a set-off against the amount due upon this note, whatever you believe to have been so paid by Mr. Shoemaker and which are not barred by the statute of limitations."

Verdict and judgment for defendants. Plaintiffs appealed.

*Errors assigned* were (1–2,) above instructions, quoting them.

*H. J. Steele,  O. J. Mutchler* with him, for appellant, cited: Pinnel's Cases, 5 Rep. 117; Cumber v. Wane, 1 Smith's Leading Cases, 8th ed. 633; Mechanics Bank v. Huston, 11 W. N. C. 389; Ryan v. Ward, 48 N. Y. 204; 1 Smith's Leading Cases, 644; Kidder v. Kidder, 33 Pa. 268; Hartman v. Danner, 74 Pa. 40; Weber v. Couch, 134 Mass. 26.

*W. S. Kirkpatrick, B. F. McAtee* and *M. Kirkpatrick* with him, for appellee, cited, as to the sufficiency of the charge: Bedell v. Scott, 11 Atl. Rep. 571; Penna. R. R. v. Coon, 111 Pa. 430; Smith v. Meldren, 107 Pa. 352; Lehigh Valley R. R. v. Brandtmaier, 113 Pa. 620.

Cited as to the evidence of payment; 18 Am. & Eng. Ency. of Law, 187; Welby v. Drake, 1 Car. & P. 557; Burr v. Smith, 21 Barb. (N. Y.) 262; Belshaer v. Bush, 11 C. B. 191; Fowler v. Smith, 153 Pa. 639.

PER CURIAM, April 1, 1895:

The testimony referred to by the learned judge in that part of his charge recited in the first specification, was to the effect that in an interview with Mrs. Shoemaker, after her husband's death and before letters of administration were granted to defendants, the plaintiffs' intestate, Thomas Beck, admitted that payments on account of the note in question had been made by Mr. Shoemaker in his lifetime; that he, Mr. Beck, agreed to apply, as credits on the notes, certain sums for which

he was liable on account of bills, relating to the farm owned by him and Mr. Shoemaker as tenants in common, some of which bills had been paid by Mr. Shoemaker, and others by Mrs. Shoemaker after his decease; that after allowing these credits for his contributive share of the farm bills thus paid by Mr. and Mrs. Shoemaker, plaintiffs' intestate claimed there was still due on the note a small balance of sixty-seven cents, which was then and there paid by Mrs. Shoemaker and accepted by him in full settlement and discharge of the note.  The defendants' sole contention was that by allowance of said credits, some of which were for payments made by Mrs. Shoemaker after her husband's death, and by payment of the small balance claimed, the note was fully settled and paid; and, in support of that position, they relied on the testimony referred to. It presented a question of fact which was for the exclusive consideration of the jury, and they doubtless understood it correctly. There was no allegation, nor was there any attempt to prove payment and acceptance, from the maker of the note or his administrator, of any smaller sum than the amount actually due, in satisfaction of the note.  Referring to the testimony as to what took place at the interview between Mrs. Shoemaker and defendants' intestate, the learned judge rightly said to the jury: "If this testimony is true, then this note was then and there settled and plaintiffs would not be entitled to recover in this action.  If you do not believe this to be true, and you believe there was no such conversation—no such settlement, or that the note then and there referred to was not this note, but some other note, and that the settlement then and there made was not the settlement of this indebtedness, but a settlement of some other matter, then your verdict will be for the plaintiffs for whatever you find due on the note."  This was substantially the only question submitted to the jury.  There was no other question in the case.  In view therefore of the testimony on which defendants relied, the charge cannot be regarded as misleading.  In saying, by way of illustration, what is complained of in the second specification, the learned judge doubtless had in mind the facts of the case, as indicated by the defendants' testimony, and meant a settlement, not with the maker of a note, but with a third party—such a settlement as that shown to have taken place between plaintiffs' intestate

and Mrs. Shoemaker after her husband's death.   There is nothing else in the case to which the language complained of could possibly apply.

Considered as a whole, there is no substantial error in the charge.

Judgment affirmed.