*887 OPINION.
Siefkin ;•
In 1914 the petitioner charged off the account of Philips-born Outer Garment House, Inc., bankrupt, amounting to $7,910.86. One Philipsborn was the sole stockholder of this corporation. In his will Philipsborn provided that certain securities be set aside, the income from which should be applied on the accounts owing by the corporation when it became bankrupt in 1914. Philipsborn died and pursuant to the provisions of the will, the petitioner, in 1923, received the amount of $4,947.70.
*888 The respondent contends that this amount is properly includable in petitioner’s taxable income as the payment of a bad debt previously charged off. Petitioner contends that it was a gift and was, therefore, not taxable.
In the case of Zevalo v. Reeves, 227 U. S. 625, the Supreme Court held that a discharge in bankruptcy destroys the remedy but not the indebtedness.
In the instant proceeding, therefore, the debt to the petitioner continued in existence. We have no doubt that Philipsborn did not intend to make a gift to the petitioner. He intended to pay the-debts of the corporation. As far as appears from the record Philips-born was under no legal obligation to pay such debts.
The prevailing rule as to whether payment of a debt by a stranger discharges the debt is laid down in the case of Crumlish's Administrator v. Centred Improvement Co., 38 W. Va. 390; 18 S. E. 456. In that case the Supreme Court of Appeals of West Virginia said:
* * * It was held in Harrison v. Hicks, 1 Port. (Ala.) 428, tliat “payment of a debt, though made by one not a party to the contract, and though the assent of the debtor to the payment does not appear, is still the extinguishment of the demand.” The opinion says that, as between the person paying and him for whose benefit it was paid, a question might arise whether it was voluntary, which would depend on circumstances of previous request, or subsequent, express or implied. This doctrine is sustained by Martin v. Quinn, 37 Cal. 55; Gray v. Herman, 75 Wis. 453, 44 N. W. 248; Cain v. Bryant, 12 Heisk. 45; Leavitt v. Horrow, 6 Ohio St. 71; Webster v. Wyser, 1 Stew. (Ala.) 184; Harvey v. Tama Co., 53 Iowa, 228, 5 N. W. 130, Bish. Cont. § 211, holds that, if payment “ be accepted by creditor in discharge of debt, it has that effect.” Sec. 2 Whart. Cont. § 1008.
It seems utterly unjust, and repugnant to reason, that a creditor accepting payment from a stranger, of the third person’s debt, should be allowed to maintain an action against the debtor pleading and thereby ratifying such payment, on the technical theory that he is a stranger to the contract. He has himself, for this purpose, allowed him to make himself a quasi party. He consents to treat him so, so far as payment is concerned. To regard the debt paid, so far as he is concerned, is but to hold him to the result of his own act. * * *
As pointed out above, the intention of Pbilipsborn was-to pay the debts owing by the corporation. The petitioner, in accepting the money under the terms of the will of Philipsborn, accepted it as payment of the debt.
Since the payment constituted payment of a debt which petitioner had previously charged off, we must hold that it was taxable income to petitioner in 1923.
Reviewed by the Board.

Judgment will be entered for the respondent.

MillikeN concurs in the result.
Smith, Phillips, and Güeen dissent.