F. I. SOMERS & SONS, INC. *v.* R. A. LeCLERC & TR.

May Term, 1939.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed October 3, 1939.

*George R. McKee* for the plaintiff.

*Robert H. Ryan* for the defendant.

SHERBURNE, J. This is an action of contract in which it is alleged that in consideration of the discharge of an indebtedness due from the defendant's mother the defendant promised to pay it out of the rents and profits of her mother's real estate and out of the proceeds from its sale. The case comes here upon exceptions to the direction of a verdict in favor of the defendant.

It was conceded that the plaintiff had a valid account against the defendant's mother, and, viewing the evidence most favorably to the plaintiff, it appeared that on February 12, 1934, the defendant came to the plaintiff's store and had a talk with Fred I. Somers, plaintiff's general manager, in which she said that her mother could not pay the account, and he said that he wished some one to assume responsibility, whereupon she said that she would assume the account in her name and make small monthly payments, and stated that she was going to look after her mother's property and affairs, that they hoped they could sell the property for enough to clean up their accounts, and that they would pay in full if they sold for enough to pay what they owed. At this time she paid ten dollars on account, and he directed the bookkeeper to transfer the account into defendant's name and to send future statements to her. The defendant and her mother had the same names and resided at the same address. The bookkeeper immediately made the change upon plaintiff's books by substituting the word ''Miss'' for ''Mrs.'' Subsequently monthly statements were sent to the defendant, but the bookkeeper was not sure but that she might unconsciously have sent some statements to Mrs. R. A. LeClerc or to just R. A. LeClerc. Prior to the bringing of this suit the real estate had been sold for enough to pay all indebtedness, including plaintiff's account.

Fred I. Somers was the only witness to the conversation with the defendant. The evidence which he gave upon cross-examination contradicted his direct testimony somewhat, and it would have been possible for the jury to have found therefrom that the defendant did not assume her mother's ac-

count, but merely made a collateral promise. However, the credibility of the witness and the weight to be given his testimony were matters for the jury. It was for them to say which of the contradictory statements they would accept. *Gomez* v. *Lawson,* 105 Vt. 353, 357, 166 Atl. 14; *McDonald* v. *McNeil,* 92 Vt. 356, 361, 104 Atl. 337; *Robey* v. *Boston & Maine Railroad,* 91 Vt. 386, 388, 100 Atl. 925; *Pocket* v. *Almon,* 90 Vt. 10, 14, 96 Atl. 421.

The nature of the evidence is such that an examination of the authorities should be made to determine whether the jury would have been justified in finding that the defendant's assumption of her mother's account with the plaintiff was either authorized, or subsequently ratified, by her mother. In *Robinson* v. *St. Johnsbury & L. C. R. R. Co.,* 80 Vt. 129, 66 Atl. 814, 9 L. R. A. (N. S.) 1249, 12 Ann. Cas 1060, there is a review of a number of English and American cases upon the question whether payment or satisfaction by a third person, not himself liable as a co-contractor or otherwise, is sufficient to discharge a debtor. In that case the payment was made on plaintiff's demand, in settlement of the cause of action, by one who was in fact an indemnitor of the defendant, and whose act the defendant could and did ratify by pleading it, and the Court expressly said that nothing discussed in the opinion should be taken as deciding more.

According to Williston on Contracts, § 1858, and Elliott on Contracts, § 1928, the weight of authority in the United States sustains the validity of a defense of a payment made by one who is not a party to the contract and not even in privity with the debtor, if accepted in satisfaction of the debt, and holds that such payment discharges the debt. However, even though the third person pays in money the exact amount of the debt there can in strictness be at most an accord and satisfaction, for, as payment by A is a different thing from payment by B, the obligation has not been performed according to its tenor. Among others, the following cases support this proposition: *Gray* v. *Herman,* 75 Wis. 453, 44 N. W. 248, 6 L. R. A. 691; *Harrison* v. *Hicks,* (Ala.) 1 Port. 423, 27 A. D. 638; *Braun* v. *Cox,* 202 Iowa, 1244, 211 N. W. 891; *Beck* v. *Snyder,* 167 Pa. St. 234, 31 Atl. 555; *Clark* v. *Abbott,* 53 Minn. 88, 55 N. W. 542, 39 A. S. R. 577; *Crumlish's Admr.* v. *Central Improvement Co.,* 38 W. Va. 390,

412

18 S. E. 456, 23 L. R. A. 120, 45 A. S. R. 872; *Leavitt* v. *Morrow,* 6 Oh. St. 71, 67 A. D. 334. We quote from *Gray* v. *Herman, supra*: "The plaintiff's counsel says that the satisfaction of a debt by a stranger, between whom and the defendant there is no privity, is not available as a defense. But again we ask, why should it not be, if the creditor accepts the payment in satisfaction of the debt? If a debt is fully paid, it would seem according to plain common sense, that the obligation was extinguished, and is no longer in force as a contract. What concern is it to the creditor who pays his debt, especially where he accepts the payment in satisfaction of his debt?" We also quote from *Harrison* v. *Hicks, supra,* "The payment and discharge of a debt, no matter by whom effected, can be nothing more nor less than its extinguishment as a demand. As between the person who paid it, and him for whose benefit it was intended, a question may arise, whether it was purely voluntary or not, which would depend upon the circumstances of previous request, or of subsequent ratification, either express or implied." We concur in the validity of such a defense.

In *Leavitt* v. *Morrow, supra,* a case cited in *Robinson* v. *St. Johnsbury & L. C. R. R. Co., supra,* occurs this sentence: "It may be laid down as incontestible, as a general thing, that where one man is indebted to another and a third person steps in and pays the debt, in the absence of all circumstances tending to show the contrary, the rational inference would be that the act done, being for the debtor's benefit, was done with his consent, or, if without his knowledge at the time, that it would, as a matter of course, be ratified by him afterward." For the purposes of this case it is unnecessary to go as far as § 421 of the Restatement of Contracts does where it provides: "A payment or other performance by a third person, accepted by a creditor as full or partial satisfaction of his claim, discharges the debtor's duty in accordance with the terms on which the third party offered it. But the debtor on learning of the payment or other performance has power by disclaimer within a reasonable time to make the payment or other performance inoperative as a discharge." But we do hold, particularly in view of the relationship of the parties, their living together, the mother's inability to pay, and the long time that has elapsed, that, in the absence of any showing to the contrary, the jury could have rightfully

inferred that the defendant's assumption of her mother's debt was either authorized or subsequently ratified by her mother. Hence the jury could have found that the plaintiff discharged the account against the mother upon the defendant's promise to assume it. The validity of the account having been conceded, such findings would have made out a novation by substitution of a new debtor, which requires a mutual agreement between the three parties, the creditor, his immediate debtor, and the intended new debtor, by which the liability of the last named is accepted in discharge of the original debt. *Peters* v. *Est. of Poro*, 96 Vt. 95, 107, 117 Atl. 244, 25 A. L. R. 615; *Manley Bros. Co.* v. *Somers*, 100 Vt. 292, 297, 137 Atl. 336. The former case and the cases cited therein show that the discharge of the original debt is a sufficient consideration for the new promise, and that the new promise is not within the Statute of Frauds requiring a special promise to answer for the debt of another to be in writing, but is an independent contract and provable as such. Both cases hold that a novation is never presumed, but that there must be a clear and definite intention on the part of all concerned that such is the purpose of the agreement, and that the existence of such an intention may be found, although there is nothing positive in the agreement, it being a question to be decided from all the circumstances. Such an intention could have been found by the jury.

*Judgment reversed and cause remanded.*