## MARY A. MATHIEU *vs.* ELIZABETH DEUPERT MATHIEU.

*Benefit Societies—Change in By-Law Invalidating Previous Designation of Beneficiary.*

An unmarried man on becoming a member of a benefit society designated his mother as his beneficiary in case of his death, in accordance with the rules of the society then in force. He agreed to conform to the existing by-laws or those which might thereafter be adopted. He afterwards married and died, leaving his widow surviving, without having changed the designation of his beneficiary. Both his mother and his widow claimed the fund which became payable under the certificate on his death. After he became a member and before his marriage, the society adopted a new by-law, which provided that when an unmarried man or widower designated as his beneficiary a person other than his own children, and subsequently marries, the subsequent marriage of such member will have the effect of rendering such designation void. But it shall be lawful for such member to redesignate the same beneficiary. Should such member die without making a new designation, then the benefit shall be paid in accordance with a certain classification under which the benefit is payable first to the member's wife, second, to his children, etc. *Held,* that this by-law is retroactive in its

operation, and has the effect of invalidating or terminating
the designation of this member's mother as his beneficiary and
of substituting his wife.

The mere designation of a person as beneficiary by a member
of a mutual benefit society does not confer upon the person
so designated any vested right in the fund on the death of
the member.

*Decided February 25th, 1910.*

Appeal from the Circuit Court No. 2 of Baltimore City
(LEHMAYER, J.).

The cause was argued before BOYD, C. J., BRISCOE,
PEARCE, SCHMUCKER, BURKE, THOMAS, PATTISON and
URNER, JJ.

*T. Howard Embert* and *William M. Maloy* (with whom
was *George M. Brady* on the brief), for the appellant.

*Richard B. Tippett* and *J. Royall Tippett,* for the appellee.

SCHMUCKER, J., delivered the opinion of the Court.

This is an appeal from a final decree of Circuit Court No.
2 of Baltimore City, in an interpleader case, disposing of
the proceeds of a membership certificate in a mutual benefit
association.

It appears from the record that on June 13th, 1897, Harry
C. Mathieu, late of Baltimore City, became a member of
the Order of the Knights of Columbus, which is conceded
to be a mutual benefit association. In exercise of the privilege accorded to members by the by-laws of the association at
that time in force, he, being then unmarried, designated his
mother Mary A. Mathieu as his beneficiary and the usual
benefit certificate was issued to him bearing her name as beneficiary. On June 14th, 1899, Mathieu was married to
Elizabeth Deupert, and on September 27th, 1908, he died,

leaving her surviving as his widow. He never changed the designation of his beneficiary, and the certificate remained in his possession until his death.

On August 9th, 1907, the association, in pursuance of an amendment to its charter made June 27th, 1907, by a statute of the State of Connecticut the place of its incorporation, adopted certain new by-laws of which sec. IV is as follows: "When an unmarried man or widower names or designates as his beneficiary or beneficiaries a person or persons other than his own children, or one or more of them and subsequently marries, the subsequent marriage of such member will have the effect of rendering such designation void. But it shall be lawful for such member to redesignate the same beneficiary or beneficiaries. Should such member die without making a new designation or redesignation, then the benefit shall be paid in accordance with the classification in section II, and in the order of precedence therein set forth."

Section II provided that upon the death of a member, if he had failed to designate a beneficiary or the person designated had died, or if the designation should fail "for illegality or otherwise" the benefit should be paid "to the person or persons in the following classifications and in the order of precedence as herein set forth: *first to the member's wife,*" second to his children, etc.

Upon the death of Mathieu, the association being unable to determine whether his wife or his mother was entitled to the benefits, amounting to $1,000, due under the certificate, instituted the present interpleader suit against them and paid the money into Court. The defendants having duly interpleaded and the case having come regularly to a hearing the Court below passed a decree awarding the money, less the costs of the case, to Elizabeth Deupert Mathieu, the widow of the decedent. From that decree Mary A. Mathieu, his mother, took the present appeal.

It being admitted that the designation by Mathieu of his mother as his beneficiary was valid and in accordance with the by-laws of the association when made in 1897, the single

issue raised by the appeal is whether that designation was
avoided by the changes which we have mentioned, subsequent-
ly made in the by-laws.    There can be no doubt that he was
subject to the legitimate operation of the by-laws of the as-
sociation.    That liability on his part was not only inherent
in his relation of membership but he specifically stipulated
in signing the required application for membership, a copy
of which appears in the record, to conform to and abide by
the constitution, by-laws and regulations of the association
and of any council thereof of which he might at any time be
a member, "which may now be in force or which may at any
time hereafter be adopted by the proper authorities."    He
thereby consented in advance to all reasonable changes to be
properly made in those laws and regulations.

The precise question which we are called upon to consider
is whether sections IV and II of the by-laws adopted in Au-
gust, 1908, had such retroactive operation as to invalidate or
terminate the designation, made before their passage, of Mr.
Mathieu's mother as his beneficiary and substitute his wife
to that position.

Conceding in this connection that an amendment of the
by-laws could not impair the vested rights of anyone who had
not consented to it, the weight of authority is that the mere
designation of a person as beneficiary by the member of a
mutual benefit society does not confer upon the person so
designated any vested right in the fund payable on the death
of the member. 29 *Cyc.* 126; 3 *A. & E. Encycl.,* 990; *Bacon
on Benefit Societies & Life Insurance,* sec. 291a, 3rd ed.;
*Shipman* v. *Protected Home Circle,* 174 N. Y. 398; *Cham-
bers* v. *Maccabbees,* 200 Pa. 244; *Sabin* v. *Phinney,* 103 N.
Y. 427. It therefore follows that Mr. Mathieu's mother hav-
ing had no vested right in the $1,000 payable on his death by
the association, no objection to the validity of the amendment
of its by-laws, made on August 16th, 1908, arises from the
fact that she was by its operation deprived of the benefit of
that fund.

The amended by-laws imposed no hardship on the member. They gave him the right to make a new designation of his beneficiary, if he desired to do so, in all cases in which the original designation was rendered inoperative by their passage, and also made it lawful for him to redesignate the same beneficiary. It was only in the event of his failure to exercise his right of making a re-designation or a new designation that the fund became payable on his death to the members of his immediate family in the order of precedence under which his widow was first entitled to it.

The acknowledged rule of construction of legislative statutes, by which they are held to be prospective in their operation, in the absence of a clearly expressed intention to give them retroactive force, has been generally applied to the by-laws and regulations of corporate bodies. But the Courts have frequently held that by-laws of mutual benefit and similar societies, in view of the nature of the associations adopting them and the character of the by-laws themselves, operated upon and controlled the relations of existing members to the society and their rights to its future benefits although such laws were not expressed in retroactive terms. Such has generally been held to be the rule where the member has agreed to be bound by such laws as might thereafter be enacted. 29 *Cyc.*, page 75, note 55 and page 82, note 75, and cases there cited; *Gilmore* v. *Knights of Columbus,* 77 Conn. 58; *Fullenwilder* v. *Royal League,* 180 Ill. 261; *Knights of Columbus* v. *Rome,* 70 Conn. 550; *Pain* v. *Societe St. Jean, etc.,* 172 Mass. 319; *Parish* v. *N. Y. Produce Exchange,* 169 N. Y. 34; *Supreme Lodge* v. *Knights,* 117 Ind. 489; *Supreme Lodge* v. *LaMalta,* 95 Tenn. 157; *Eversberg* v. *Maccabbees,* 77 S. W. 249.

The amendment now under consideration being reasonable in itself and intended to effect a modification of the benefit policy of the association that was within the scope of its original design and one in which its members generally were alike interested, we do not think that the mere fact that it was not retroactive in terms should be held to manifest an

intention on the part of the association to limit its operation
to the cases of such persons only as should thereafter become
members.   Under such circumstances it is more rational to
conclude that the intention of the association was to make the
change which the amendment produced in its benefit policy ap-
plicable to its then present as well as its future membership.
This conclusion applies with especial force to the case of ex-
isting members such as Mr. Mathieu who by the terms of
their application for membership in effect consented in ad-
vance to such reasonable changes in the by-laws as might
thereafter be made.

The decree appealed from being in accordance with the
views which we have expressed will be affirmed.

*Decree affirmed, with costs.*