Rantin v. Fraternal Aid Union.

---

No. 22,334.

MARY E. RANTIN, *Appellant,* v. THE FRATERNAL AID UNION, *Appellee.*

SYLLABUS BY THE COURT.

FRATERNAL INSURANCE—*Death While Engaged in Prohibited Occupation—Acceptance of Assessments from Beneficiary—No Waiver.* A fraternal beneficiary association, a member of which dies as the result of a risk with respect to which it is expressly exempted from liability, is not precluded from successfully asserting such exemption by thereafter accepting from the beneficiary, with knowledge of the facts, payment of an assessment for the month within which the death occurred, which was by the by-laws made due and payable on or before the last day of that month.

Appeal from Bourbon district court; EDWARD C. GATES, judge. Opinion filed December 6, 1919. Affirmed.

*Joseph Glenn Logan,* of Topeka, *C. S. Denison, John L. Kirk-patrick, Edwin A. Krauthoff, W. S. McClintock,* and *A. L. Quant,* all of Kansas City, Mo., for the appellant.

*George R. Allen,* of Kansas City, for the appellee.

The opinion of the court was delivered by

MASON, J.: Mary E. Rantin, the beneficiary named in a certificate held by her husband, Jacob Rantin, in the Fraternal Aid Union, a beneficiary association, brought an action after his death for the recovery of $2,000 on such certificate. A defense was made on the ground that the member's death occurred in an occupation with respect to which the society had assumed no risk. There was no controversy as to the fact in that regard, but the plaintiff contended that this defense was unavailable by reason of conduct of the association amounting to a waiver. A trial was had without a jury, the court making no special findings and rendering judgment for the defendant. The plaintiff appeals.

The defendant's by-laws provided that no one engaged in certain occupations, including that of a miner, should be admitted to membership, but that if a person who had been a member for a year should enter such an occupation he might continue his membership, the association being relieved of any liability in case his death should result therefrom. Jacob Rantin joined the association June 30, 1907. On September 14, 1909, he changed his occupation to that of a coal miner, taking the necessary steps to have his membership continued; his protection being so limited as not to cover death due to that employment. He died on March 22, 1913, from injuries received from the fall of a rock in a coal mine in which he was working. To remain in good standing a member was required to pay monthly assessments, the assessments for each month being due and payable on or before the last day of that month. Rantin had paid his assessments (and incidental lodge dues) up to and including February, 1913. He had paid nothing, however, for March, 1913. After his death, his widow (the beneficiary) paid, and the association, with knowledge thereof,

accepted his assessment for March, amounting to $1.75. The plaintiff relies upon this payment, with the accompanying circumstances, as constituting a waiver of the association's defense. The defendant claims that no waiver resulted from the acceptance of the March payment, for the reason that it had been earned and the association was entited to it.

An issue of fact was presented to the trial court bearing upon this matter. It was shown without controversy that on April 22, 1913, the general secretary of the association, in a letter to the secretary of the local lodge relating to a report of collections, showed a charge for Rantin's March assessment, and mentioned that the report checked short $1.65. The plaintiff testified that the local secretary had given her a second letter received by the latter from the general secretary directing the collection of the March assessment; that thereupon she paid the amount to the local secretary; and that she retained the letter, which later had been destroyed by her daughter. The local secretary corroborated her testimony as to the receipt and contents of the letter. There was no dispute as to the payment and retention of the money; but the plaintiff's testimony regarding the second letter was much weakened on her cross-examination, and the general secretary in effect denied that any such letter had been written. The general finding for the defendant must be regarded as settling this issue of fact in its favor. The case is argued in behalf of the plaintiff on the theory that she made the payment in response to a demand made upon her by the defendant, but it must be considered by the court as though no evidence of such a demand had been given, the result depending upon the effect of the voluntary payment and acceptance of the money.

The situation is not analogous to that arising where a defense is based on a forfeiture by reason of a failure to pay dues, and the payment is afterwards accepted. In that case the acceptance of the money is obviously inconsistent with a claim that because of its nonpayment the insurer is relieved of liability. The defense here is not based on forfeiture. The death of Rantin while engaged in mining, as a result of a danger to which that occupation exposed him, was not one of

the risks carried by the association; the protection afforded by the certificate related wholly to other matters, and payments of assessments were made and accepted on that basis. (*Ridgeway v. Modern Woodmen,* 98 Kan. 240, 157 Pac. 1191.) If any liability on the part of the defendant exists, it is not by reason of the terms of any agreement into which it has entered, but because by its conduct it led the beneficiary to expend money in the reasonable expectation that payment would not be refused by reason of the circumstances of Rantin's death, and thereby has cut itself off from the right to rely on that defense.

It is clear that the March assessment had been earned. From March 1 until March 22, 1913, the date Rantin died, the association had carried the risk of his death from any cause other than one resulting from his occupation as a miner. Its only source of compensation for this was the March assessment, and only by the collection of similar assessments could a fund be provided to respond to the just demands of other beneficiaries. There could be no apportionment between parts of a month. The monthly assessment was the unit of payment. Although it was due "on or before" the last day of the month, and therefore forfeiture would not have resulted from a delay until that time, its function was to compensate the association for carrying the insurance—keeping the policy in force—for that month. In an essentially similar case, it has been held that the acceptance of the payment of such an assessment after the suicide of the member—a risk not insured against— did not prevent the association from basing a successful defense upon the manner of death. (*Bennett v. Beavers Reserve Fund Fraternity,* 159 Wis. 145.) We acquiesce in the view there taken, and hold that no waiver of the right of the association to deny liability on account of a death from a risk not covered by its contract results from the payment and acceptance of an assessment for the month in which the member died.

The plaintiff seeks to impair the effect of the decision of the Wisconsin court just cited by suggesting that, as the death had resulted from suicide, there was no liability in any event. In that jurisdiction, however, the rule appears to be

to the contrary.  (*Patterson and others v. The Natural Premium Mutual Life Ins. Co.,* 100 Wis. 118.)  However, that consideration would in any event be of little importance, since the decision has merely advisory force and is followed only because we regard its reasoning as sound.

The plaintiff further urges that the view adopted loses sight of the fact that, while Rantin may have been under an obligation to pay the March assessment, no such duty rested on the beneficiary.  The essential feature of the matter is that the association received no more than it had earned and was entitled to.  We regard it as immaterial here whether the payment was made by Rantin in person or by his administrator, or by his widow either for the purpose of relieving his estate from liability or merely in return for the risk having been carried after March 1 for her benefit without other conpensation.  Dues in a beneficiary association are often paid by the beneficiary, and there is nothing in such payment in itself to suggest a willingness on the part of the association to change the liability it has assumed.  If, however, by the conduct of the defendant the plaintiff had been led into a reasonable belief that her paying the $1.75 would result in the association assuming an obligation to pay her $2,000 on the certificate, an entirely different question would be presented.  But if the evidence was sufficient to have supported a finding to that effect, the trial court must be deemed not to have been thereby persuaded of the fact, and its determination in that respect is final.

The judgment is affirmed.