MENDENHALL, Appellant, v. SLIM BUTTES SCHOOL DISTRICT No. 4, HARDING COUNTY, Respondent.

(196 N. W. 97.)

(File No. 5482.   Opinion filed December 8, 1923.)

1. Schools and School Districts—Education—County Superintendents—County Superintendent May Determine What Provision Shall Be Made for Schooling Children Not Satisfactorily Transported.

Under Laws 1921, c. 206, amending Rev. Code 1919, Sec. 7485, providing as to children not satisfactorily transported that "it shall be the duty of the district school board to make such provision for the schooling of such children as shall be determined by the county superintendent," it is within the superintendent's power to determine what provision shall be made, and arrange all the details himself, and the board must make the provisions determined by him.

2. Schools and School Districts—County Superintendents—Superintendent of Schools in Directing Provision for Certain School Children Could Specify Details.

If, pursuant to Laws 1921, c. 206, amending Rev. Code 1919, Sec. 7485, the county superintendent merely directed that plaintiff's children be placed in a certain school and that the district school board carry out that order, the board could have arranged the details for carrying out his direction, but in choosing to arrange all of the details herself by making an order to the board to pay $20 a month for the board of each of plaintiff's four children, the county superintendent did not exceed her power.

Appeal from Circuit Court, Harding County; Hon. W. F. Eddy, Judge.

Action by Arthur M. Mendenhall against Slim Buttes School District No. 4, Harding County. From an order sustaining a demurrer to the complaint, plaintiff appeals. Reversed.

*Charles L. Brady,* of Buffalo, and *Dan McCutchen,* of Belle Fourche, for Appellant.

*C. G. Carroll,* of Lemmon, for Respondent.

Appellant cited: Art. 8, Sec. 1, State Constitution; Barnes v. District of Columbia, 91 U. S. 540; Dillon on Municipal Corporations, p. 156, 5th edition; Id., p. 187, Sec. 105.

Respondent cited: Ch. 206, Laws 1921.

GATES, J. This is an appeal by plaintiff from an order sustaining a demurrer to the complaint. It is alleged in the complaint that plaintiff is a resident of defendant school district; that he has four children of school age; that the nearest school in the district is 6 miles from his residence; that he was dissatisfied with the transportation provided by chapter 206, Laws 1921, amending section 7485, Rev. Code 1919; that he applied to the county superintendent of schools to make provision for the schooling of his children; that such superintendent made the following order:

"State of South Dakota, County of Harding—ss.: To the School Officers of Slim Buttes District No. 4, Harding County, South Dakota:

"I, Eudora V. Stegner, county superintendent of schools for Harding county, South Dakota, do hereby order that you pay $20 a month for board for each of the children of A. Mendenhall, which are of school age, to Mrs. Chas. Fowler of Buffalo, during the school year of 1922-1923. I make this order by the authority given me in chapter 206, § 7485, of the 1921 Session Laws.

"Dated this 3d day of August, 1922.

"[Signed] Eudora V. Stegner.

"Original sent to Clerk."

It is further alleged that plaintiff placed said children in the public school at Buffalo in said county; that they attended school for the school year 1922-23; that there was due pursuant to said order $710; that only $240 had been paid by the district, but that plaintiff paid to the said Mrs. Fowler the whole sum designated in said order and more, to wit, the sum of $25 per month for

each child, and by reason thereof is entitled to maintain this action.

Said chapter 206 provides, among other things:

"Provided, further, that in any district where children of school age shall live more than two miles from the nearest school within or without the district, and the parents or guardians of such children are not satisfied with the transportation provided by law, it shall be the duty of the district school board to make such provision as shall be determined by the county superintendent for the schooling of such children."

[1]   Appellant argues that the Legislature had the power to make such provision, and that the order made complies with it. Respondent admits the legislative power, but, as held by the trial court, contends that the county superintendent exceeded her power in making said order. It is urged that, if the county superintendent had power to make this order, then there was nothing left for the district board to do in the way of making provision. It is urged that the county superintendent should merely have made an order directing that the children be placed in the Buffalo school, and that it was the function of the district board to then arrange the details for carrying out that order. If the Legislature had so provided, there would be much to say in favor of the sanity of such a provision; but there does not seem to be any division of responsibility according to the language used by the Legislature. Pursuant to the clause, "It shall be the duty of the district school board to make such provision as shall be determined by the county superintendent," it is within the power of the county superintendent to determine the provision for the schooling of the children, and it is the duty of the district school board to make the provision determined by the county superintendent.

[2]   If the county superintendent had merely directed that the children be placed in the Buffalo school, and had directed the district school board to carry out that order, then no doubt it would have been within the power of the district board to have arranged the details for carrying out the direction; but since the county superintendent chose to arrange all of the details herself; we cannot say that it clearly appears from the language of the act that she exceeded her power in so doing.

It should be borne in mind that said chapter 206 deals with the matter of transportation of school children, and that the proviso quoted is but a substitute for the payment of transportation. Under said chapter no transportation can be furnished by the district for a pupil who has passed the eighth grade, and we assume that the allegation that the children were of school age satisfactorily disposes of that question. Also under that chapter the total expense for transportation by any district in any year cannot exceed the sum of $800. In reversing the order sustaining the demurrer to the complaint we assume that, if that limit would be exceeded by the payment of the amount sought, then that would be a matter of defense pro tanto according to the terms of said chapter.

The order appealed from is reversed.

Note.—Reported in 196 N. W. 97. See, Headnotes ()1 and (2), American Key-Numbered Digest, Schools and school districts, Key-No. 159½, 35 Cyc. 1123 (see 1925 Anno.), Laws 1921, c. 206.

On right to use school money for transportation of pupils, see note in 38 L. R. A. (N. S.) 710.

On duty of public to furnish free transportation to pupils, see note in 37 L. R. A. (N. S.) 1110.